CULPEPPER, Judge.
The plaintiff-husband appeals that protion of a judgment of divorce which orders him to pay to the defendant-wife the sum of $350 per month as child support.
*395 The record shows that the parties were divorced on September 11, 1975. The judgment grants to the plaintiff, Kenneth B. Cobb, the custody of their oldest daughter, who is 16 years of age. The mother received the custody of the other three children whose ages are respectively 15 years, 9 years and 6 years. The father was ordered to pay to the mother the sum of $350 per month for the support of the three children in the mother’s custody.
The evidence shows that the father is employed by the United States Forest Service and has a net, take-home pay of $417 per month. At the time of the trial, the mother was employed as a legal secretary earning a net wage of $340 per month, but that employment was to terminate one week after the trial. The mother testified she had applied for other employment but as yet had no commitments.
To prove her need for child support, the mother filed an itemized statement of her living expenses which total $692 per month. The plaintiff-husband filed an itemized statement showing his monthly living expenses, including an item of $400 for child support, totals $991.02.
As regards the ability of the plaintiff-father to pay child support, there is no evidence to show that he has any income other than the $417 per month. He owns no income-producing property, nor does he own any property which he can sell to obtain funds with which to comply with the court’s decree. Thus, insofar as the evidence shows, the plaintiff-father will have only $67 per month left for the support of himself and his 16-year old daughter, if he is forced to pay $350 per month for child support to his wife.
The defendant-wife argues that despite Mr. Cobb explained that although he had actually is living “high on the hog”, since he drives a 1974 Ford automobile, lives in a fine apartment, purchased new furniture' for his apartment, and maintains a riding horse and trailer.
Mr. Cobb explained that although he had been living fairly well while he was operating a service station in addition to his job with the Forest Service, the service station had failed. Cobb testified that he had been borrowing money from his father for living expenses, and that his father had paid for the automobile. But Cobb testified that he could not continue to “live off” of his parents.
There is no dispute as to the law. Both parents have the duty to support and maintain their minor children. We recognize the dilemma of the trial judge in this situation where the father simply does not have sufficient income or means to support his four daughters. However, we think the case must be decided on the basis of the evidence which is in the record and not on speculation that the father has other income or other property or that he will continue to receive additional funds from his parents. If we are to indulge in speculation, it is equally as possible that Mrs. Cobb will be able to find employment enabling her to bear at least a portion of her duty to support these children.
Based on the evidence in the record, the father’s income is only $417 per month. If he has to pay $350 per month child support to the wife, this will leave only $67 per month for the support and maintenance of himself and his oldest daughter. This is obviously impossible.
Under the circumstances, we think the judgment appealed must be amended so as to reduce the child support by the husband from the sum of $350 per month to the sum of $200 per month.
For the reasons assigned, the judgment appealed is amended so as to reduce the amount of child support, which the plaintiff, Kenneth B. Cobb, has been ordered to pay, from the sum of $350 per month to the sum of $200 per month. Otherwise, the judgment appealed is affirmed. The costs of this appeal are assessed equally against the plaintiff and the defendant.
Affirmed, as amended.